UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-21687-CIV-MARTINEZ/SANCHEZ

CHRISTIAN DIOR COUTURE, S.A.,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff Christian Dior Couture, S.A.'s Motion for Entry of a Preliminary Injunction. ECF No. 8.[1] Plaintiff seeks entry of a preliminary injunction against Defendants,[2] including entry of an order continuing to restrain financial accounts used by Defendants, based on alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and the All Writs Act, 28 U.S.C. § 1651(a).

The Court held a hearing on May 9, 2025, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion. Defendants have not responded

---

[1] Plaintiff's motion was originally filed as an *Ex Parte* Motion for Entry of a Temporary Restraining Order and Preliminary Injunction, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, but the Honorable Jose E. Martinez granted Plaintiff's request for entry of a temporary restraining order, order restraining transfer of assets, and order expediting discovery. ECF No. 10. Judge Martinez then referred all matters relating to Plaintiff's request for entry of preliminary injunction to the undersigned for a Report and Recommendation. ECF No. 12.

[2] The Defendants, who are listed in the caption of Plaintiff's Complaint, ECF No. 1, are the Partnerships and Unincorporated Associations identified on Schedule "A" to the Complaint, ECF No. 7.

to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel. Having reviewed Plaintiff's motion, its accompanying attachments, Plaintiff's Supplemental Memorandum (ECF No. 44), the pertinent portions of the record, the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's motion be **GRANTED**.

### I. FACTUAL BACKGROUND

Plaintiff is the owner of the federally registered trademarks identified in Paragraph 5 (the "Christian Dior Trademarks") of the Declaration of Nicholas Lambert. ECF No. 8-2 at ¶ 5; ECF No. 8-3. The Christian Dior Trademarks are valid and registered on the Principal Register of the United States Patent and Trademark Office. *See* ECF No. 8-2 at ¶ 6; ECF No. 8-3.

Defendants, through interactive, e-commerce stores[3] operating under the seller aliases identified on Schedule "A" (the "Seller Aliases"), have advertised, promoted, offered for sale, sold, or imported goods bearing and/or embodying counterfeits, infringements, reproductions, or colorable imitations of one or more of the Christian Dior Trademarks. *See* ECF No. 8-2 at ¶¶ 13-17; ECF Nos. 8-5, 8-6, 8-7; *see also* ECF No. 1 at ¶ 4; ECF No. 8-2 at ¶¶ 18-20.

Plaintiff has submitted sufficient evidence showing that each Defendant has infringed on one or more of the Christian Dior Trademarks. ECF Nos. 8-5, 8-6, 8-7. Defendants are not, nor have they ever been, licensed or authorized to use any of the Christian Dior Trademarks, and none of Defendants are authorized retailers of Plaintiff's genuine products. *See* ECF No. 8-2 at ¶¶ 14, 16, 23.

---

[3] The e-commerce store URL for each Defendant is listed on Schedule A under the Defendant Online Marketplaces heading. ECF No. 7. Although the Defendants' e-commerce stores are interactive, not all of them appear to be "fully" interactive despite the allegations and representations made by the Plaintiff. This discrepancy, however, does not alter the analysis in this Report and Recommendation given the evidence presented by the Plaintiff.

Plaintiff investigated the promotion and sale of infringing and counterfeit versions of its branded products by Defendants. *See id.* at ¶¶ 13-14. Plaintiff accessed each of the e-commerce stores operating under the Seller Aliases and determined that Counterfeit Products were being offered for sale by each Defendant to residents of the United States. *Id.*; *see also* Nos. 8-5, 8-6, 8-7. In addition, each e-commerce store offered shipping to the United States. ECF No. 8-2 at ¶ 15; ECF Nos. 8-5, 8-6, 8-7. Plaintiff conducted a review and visually inspected the purchased products using infringing and counterfeit versions of the Christian Dior Trademarks and determined said products were unauthorized versions of Plaintiff's products. ECF No. 8-2 at ¶ 14; *see* ECF No. 8-2 at ¶ 23; ECF Nos. 8-5, 8-6, 8-7.

On April 12, 2025, Plaintiff filed a Complaint against Defendants for trademark infringement and counterfeiting, in violation of 15 U.S.C. § 1114 (Count I), and false designation of origin, in violation of 15 U.S.C. § 1125(a) (Count II). ECF No. 1. On April 15, 2025, Plaintiff filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order and Preliminary Injunction, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, ECF No. 8, and an *Ex Parte* Motion for Electronic Service of Process Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. 9. On April 17, 2025, the Court entered a Sealed Order granting Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, ECF No. 10, and a Sealed Order Authorizing Electronic Service of Process on Defendants, ECF No. 11.

Pursuant to the April 17, 2025 Order, Plaintiff served each Defendant, by e-mail and through Plaintiff's designated serving notice website, with a copy of the Complaint, the Order Granting *Ex Parte* Motion for Temporary Restraining Order, and all other filings in this matter. *See* ECF Nos. 36, 40. The Plaintiff also served each Defendant with a copy of the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule. ECF No. 33, 40.

## II. LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

As outlined below, Plaintiff has submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities. *See, e.g., Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against defendants who failed to respond or appear in the case, after plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

## III. ANALYSIS

The declarations and exhibits Plaintiff submitted in support of its motion support the following conclusions of law:

A. Plaintiff has a substantial likelihood of success on the merits of its claims. Plaintiff has a strong probability of proving at trial that (1) consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of products using infringing and counterfeit versions of the Christian Dior Trademarks, and that (2) the products Defendants are selling and promoting for sale are unauthorized copies of Plaintiff's products that bear and/or use infringing and counterfeit versions of the Christian Dior Trademarks.

4

B. Because of the infringement upon the Christian Dior Trademarks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Complaint, motion, and accompanying declarations and exhibits, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

   i. Defendants own, operate, and/or control interactive, e-commerce stores operating under the Seller Aliases which advertise, offer for sale, sell, and ship counterfeit goods to customers in the United States bearing infringing and/or counterfeit versions of the Christian Dior Trademarks;

   ii. There is good cause to believe that more counterfeit and infringing products bearing and/or using the Christian Dior Trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing goods through their e-commerce stores and freezing ill-gotten profits if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill if such relief is not issued.

D. The public interest favors issuance of a preliminary injunction to prevent consumer confusion and dispel the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement, as well as to protect Plaintiff's legitimate trademark interests.

E. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing infringing and/or counterfeit versions of the Christian Dior Trademarks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'" (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962)).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 8, be **GRANTED**. The undersigned further recommends that the preliminary injunction provide as follows:

(1)   Each Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with Defendants be preliminarily enjoined and restrained from:

a. Using the Christian Dior Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product originating from Plaintiff or not authorized by Plaintiff to be sold in connection with the Christian Dior Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product originating from Plaintiff or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Christian Dior Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Christian Dior Trademarks and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Christian Dior Trademarks, including any reproductions, counterfeit copies, or colorable imitations thereof.

(2) Upon Plaintiff's request, to the extent not already done, any third party with actual notice of this injunction, who is providing services for any of the Defendants, or in connection

7

with any Online Marketplaces, including, without limitation, any online platforms such as Alipay, Alibaba Group Holding Ltd., and Alibaba.com Singapore E-Commerce Private Limited (collectively, "Alibaba"), PayPal Inc ("PayPal"), Amazon.com, Inc. ("Amazon"), ByteDance Ltd., TikTok Ltd., TikTok Inc., and TikTok LLC (collectively "TikTok"), eBay, Inc. ("eBay"), and WhaleCo Inc. ("Temu"), (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a.    the identity and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with Defendants, including all known contact information and all associated e-mail addresses;

    b.    the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

    c.    any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alibaba, Amazon Pay, eBay, Temu, or other merchant account

providers, payment providers, third party processors, and credit card associations (*e.g.*, MasterCard and VISA).

(3) Upon Plaintiff's request, those with notice of the injunction shall within seven (7) calendar days after receipt of such notice disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Christian Dior Trademarks.

(4) Defendants shall be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(5) Any Third Party Providers shall, within seven (7) calendar days of receipt of this injunction, to the extent not already done,

    a. locate all accounts and funds connected to Defendants and the Seller Alias and Online Marketplace, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 3 to the Declaration of Nicolas Lambert, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(6) Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

    a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

9

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces.

   c. Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

(7) Any Defendant that is subject to this Preliminary Injunction may petition the Court to modify the asset restraint set out in this injunction.

(8) This Preliminary Injunction shall no longer apply to any Defendant or associated e-commerce store name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

(9) This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date set by the Court or stipulated to by the parties.

(10) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should a motion be made in the interest of justice.

_____

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge.  Accordingly, the parties shall have **until May 14, 2025** to file and serve any written objections to this Report and Recommendation.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989);  *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 12th day of May, 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record